UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

Case No.: 22-cv-_____

OHIO SECURITY INSURANCE COMPANY,

        Plaintiff,

vs.

MARCUS ANTHONY and GARY HARVEY,

        Defendants.
_____/

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff Ohio Security Insurance Company ("OSIC"), sues Defendants Marcus Anthony ("Mr. Anthony") and Gary Harvey ("Mr. Harvey") and alleges:

### Nature of Plaintiff's Claim

1. This is an action for a declaratory judgment pursuant to 28 U.S.C. § 2201, for the purpose of resolving a real and substantial controversy concerning the parties' legal rights, duties, and relationships with respect to a business automobile insurance policy (the "Policy") issued by OSIC to non-party Brut Printing Company Inc. ("Brut").

2. Mr. Harvey filed a personal injury lawsuit against Brut and Mr. Anthony in Duval County, Florida, Circuit Court Case No. 16-2020-CA-006125-XXXX-MA arising out of an accident on or about

August 25, 2020, in which an auto driven by Mr. Anthony collided with an auto driven by Mr. Harvey (the "Harvey Suit").

3. OSIC has been defending Mr. Anthony against the Harvey Suit under a complete reservation of rights to deny coverage.

4. OSIC seeks a declaration that the Policy does not provide coverage to Mr. Anthony for the Harvey Suit. Specifically, OSIC seeks a declaration that it has no duty to defend or indemnify Mr. Anthony against the Harvey Suit because Mr. Anthony was not using with Brut's permission the auto he was driving at the time of the accident, and therefore, Mr. Anthony was not an "insured" under the Policy.

## Parties

5. OSIC is an insurance company incorporated under the laws of the State of New Hampshire, with its principal place of business in the State of Massachusetts. OSIC is duly authorized to transact business in Florida.

6. Mr. Anthony is an adult with capacity to be sued, and a resident of Duval County, Florida.

7. Mr. Harvey is an adult with capacity to be sued, and a resident of Duval County, Florida.

## Jurisdiction and Venue

8. This Court has jurisdiction, pursuant to 28 U.S.C. § 1332(a), because the amount in controversy exceeds $75,000, exclusive of interest and

costs, and there is complete diversity of citizenship between OSIC, on the one hand, and Mr. Anthony and Mr. Harvey, on the other. Mr. Harvey has demanded damages in excess of $75,000 from Mr. Anthony in the Harvey Suit, and the applicable limit of the Policy is $1,000,000 each accident.

9. Venue is proper in the Middle District of Florida pursuant to 28 U.S.C. § 1332(b)(1) because both Mr. Anthony and Mr. Harvey reside in this judicial district, and a substantial part of the events or omissions giving rise to this claim occurred in this district.

## The OSIC Policy

10. OSIC issued the Policy to Brut with a policy period from March 15, 2020, to March 15, 2021. Brut is the Named Insured designated in the Policy Declarations. A genuine copy of the Policy is attached as **Exhibit A** to this Complaint.

11. The Policy's Liability Coverage states that OSIC "will pay all sums an 'insured' legally must pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies, caused by an 'accident' and resulting from the 'ownership, maintenance or use of a covered 'auto.'" The Policy's Liability Coverage further states that "[w]e have the right and duty to defend any 'insured' against a 'suit' asking for such damages…."

12. The Policy provides that Brut is an insured, and also "anyone else while using with [Brut's] permission a covered 'auto' [Brut] own[s], hire[s] or borrow[s]...."

### The Harvey Suit Allegations

13. In the Harvey Suit, Mr. Harvey alleges that Mr. Anthony was driving an auto owned by Brut, and was doing so with Brut's knowledge, permission, and consent.

14. Mr. Harvey alleges in the Harvey Suit that Mr. Anthony owed a duty to Mr. Harvey to exercise reasonable care in the operation and control of the auto so as to not injure him, but that Mr. Anthony was careless and negligent and breached that duty. Mr. Harvey alleges that as a direct and proximate result of Mr. Anthony's negligence, Mr. Harvey was injured in and about his body.

### Mr. Anthony Lacked Permission to Use the Auto Based on Actual Facts

15. At the time of his accident with Mr. Harvey, the actual facts are that Mr. Anthony was using an auto owned by Brut without Brut's permission.

16. Mr. Anthony, who was an employee of Brut, took the auto from Brut's premises on the day of the accident for his personal use that evening. Brut's company policy, however, was that employees were only authorized to

4

use the Brut autos for business purposes, and were not authorized to take the autos for personal use.

## Claim for Declaratory Relief

17. An actual controversy has arisen and now exists between OSIC, on the one hand, and Mr. Anthony and Mr. Harvey, on the other.

18. Mr. Harvey has alleged Mr. Anthony was using the auto with Brut's permission. OSIC claims Mr. Anthony was driving the auto without Brut's permission, and therefore, Mr. Anthony is not an insured under the Policy.

WHEREFORE, OSIC respectfully requests this Court declare that:

(1) Mr. Anthony was not using the auto with Brut's permission at the time of the accident with Mr. Harvey, and therefore, is not an "insured" under the Policy;

(2) OSIC has no duty to defend Mr. Anthony against the Harvey Suit; and

(3) OSIC has no duty to indemnify Mr. Anthony against the Harvey Suit;

Lapin & Leichtling, LLP, 255 Alhambra Circle, Suite 600, Coral Gables, Florida 33134 (305) 569-4100

and grant such other and further relief as this Court deems just and appropriate.

          Respectfully submitted,

          LAPIN & LEICHTLING, LLP
          *Attorneys for Plaintiff*
          255 Alhambra Circle
          Suite 600
          Coral Gables, Florida 33134
          Telephone No.:  (305) 569-4100

              s/ Jeffrey S. Lapin
          JEFFREY S. LAPIN (Fla. Bar No.: 993298)
          JLapin@LL-Lawfirm.com
          eservice@LL-Lawfirm.com